IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY D. MULDROW                                                                                    PLAINTIFF

      v.                              Civil No. 4:07-cv-04061

ROBERT H. HARRISON,
Chief, Texarkana Arkansas
Police Department; PATROLMAN
J. VAN METER; JOHN DOE
PATROLMAN 1; JOHN DOE
PATROLMAN 2; THE CITY
OF TEXARKANA, ARKANSAS                                                                         DEFENDANTS

## ORDER

Before the court for decision is the plaintiff's motion (Doc. 11) for reconsideration of two orders entered on July 19, 2007 (Doc. 9 and Doc. 10). In the first order (Doc. 9), I refused plaintiff's request to file the complaint with a *nunc pro tunc* date of: (a) June 15, 2007, when plaintiff alleges the defendants began to manufacture evidence in retaliation for the plaintiff having requested information under the Freedom of Information Act; or (b) June 20, 2007, when the complaint was mailed or post-marked because plaintiff did not have access to the court's electronic filing system.

In the current motion, the plaintiff asks that I enter an order filing the complaint as of June 15th or June 20th. Alternatively, if I will not file the complaint as of either of those dates, plaintiff asks that I at least have the complaint filed as of June 22nd, the date it was received by the Clerk's Office.

There is no basis on which to file the complaint as of the June 15th date. As to the June 20th date, the court notes that no documents opening a case are electronically filed in this district. Therefore, whether plaintiff had access to the Case Management and Electronic Case Filing System (CM/ECF) is not relevant to the issue of the date on which the complaint should be considered to have been filed with the court.

Alternatively, the plaintiff asks that the complaint be considered to have been filed the date it was received by the Clerk's Office.  **The complaint shall be considered to have been filed *nunc pro tunc* to the date it was received, June 22, 2007.   The motion to reconsider (Doc. 11) order (Doc. 9) is granted.**

In the second order at issue in the motion to reconsider I directed service of the complaint.  Plaintiff asks that I reconsider the order (Doc. 10) and direct service on the City of Texarkana.

I directed service on, among others, Robert H. Harrison, the Chief of Police, of the City of Texarkana Police Department.  "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."  *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006)(*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)("An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is *not* a suit against the official personally, for the real party in interest is the entity.")(internal citations omitted)(emphasis in original)).  Thus, a suit against Chief Harrison in his official capacity is the equivalent of a suit against the City of Texarkana, Arkansas.  *See e.g., Cooper v. Dillon*, 403 F.3d 1208, 1221 n. 8 (11th Cir. 2005)(suit against defendant in his official capacity as Chief of Police of a municipality was the same as suit against the municipality).  There is no need to separately order service on the City of Texarkana.  **The motion to reconsider (Doc. 11) order (Doc. 10) is denied.**

IT IS SO ORDERED this 7th day of August 2007.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE