IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY D. MULDROW                                                                    PLAINTIFF

V.                                          CASE NO. 07-CV-4061

JOHN VAN METER, in his individual
and official capacities; and THE CITY
OF TEXARKANA, ARKANSAS                                                           DEFENDANTS

## MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed by Defendants John Van Meter and the City of Texarkana, Arkansas ("City"). (Doc. 84). Plaintiff has responded. (Doc. 109). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On July 6, 2007, Plaintiff filed his complaint, alleging violations of his constitutional rights. Plaintiff then amended his complaint on January 11, 2008, and January 16, 2009. Plaintiff's primary complaint concerns an incident that occurred on June 16, 2007, in which Separate Defendant John Van Meter stopped Plaintiff, an African American, for a traffic violation.

On June 15, 2007, Plaintiff requested information from the Texarkana, Arkansas Police Department under the Freedom of Information Act. On June 16, 2007, at approximately 7:30 a.m., Officer Van Meter observed a van that failed to use a turn signal prior to one hundred feet before making a turn. Plaintiff was the driver of the van. Officer Van Meter stopped Plaintiff, asked for his drivers license and proof of insurance, and advised him as to the reason for the stop. Officer Van Meter discovered that Plaintiff possessed a valid concealed weapon permit.

Officer Van Meter then asked Plaintiff to exit the vehicle and asked Plaintiff if he had the weapon on him. Plaintiff stated that he did not and exited the vehicle. According to Officer Van Meter, he patted the exterior of Plaintiff's clothing around his waist to make sure there was no weapon on him. The facts regarding the pat-down of Plaintiff's waist area are in dispute. Plaintiff claims that Officer Van Meter not only patted him down but also raised up Plaintiff's shirt and reached his hands inside the pockets of Plaintiff's pants. According to Plaintiff, the pat-down lasted an estimated ten seconds. No weapon was found on Plaintiff. Officer Van Meter then issued Plaintiff a citation for improper use of a turn signal. Plaintiff was allowed to leave at approximately 7:45 a.m.

Plaintiff pled not guilty to the traffic offense but was convicted at trial. Plaintiff then appealed his conviction to circuit court. However, the appeal was later dismissed and the ruling of the lower court was affirmed.

Plaintiff now alleges that Officer Van Meter had no probable cause to conduct the traffic stop, that he unlawfully searched Plaintiff during the stop, and that Officer Van Meter's actions concerning the traffic stop were racially motivated. In addition, Plaintiff complains that either Officer Van Meter or other officials of the Texarkana Police Department broke into his vehicle, tampered with a welcome rug on his doorstop, tampered with his mailbox, and caused certain phone calls from drug dealers to his cell phone. Plaintiff alleges that Defendants have committed violations of the First, Fourth, and Fourteenth Amendments of the United States Constitution, malicious prosecution, intentional infliction of emotional distress, outrage, and conspiracy. Defendants assert that there is no evidence to support these allegations and that they are entitled to summary judgment.

## II. STANDARD OF REVIEW

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Where no reasonable jury could render a verdict for the plaintiff, summary judgment is properly granted to a defendant. *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003).

## III. DISCUSSION

*A. Constitutional claims against the City and Officer Van Meter in his Official Capacity*

Plaintiff has sued the City and Officer Van Meter in both his individual and official capacities. The "real party in interest in an official-capacity suit is the governmental entity and not the named official." *Robb v. Hungerbeeler*, 370 F.3d 735, 739 (8th Cir. 2004). Thus, an

official-capacity suit is treated as a suit against the governmental entity. *Id*. Here, the claims against the City and Officer Van Meter in his official capacity are the same. Therefore, the Court's analysis in this section applies to both the City and Officer Van Meter in his official capacity.

In a 42 U.S.C. section 1983 suit against a municipality, the Court must determine two issues: (1) whether a plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation. *Stauch v. City of Columbia Heights*, 212 F.3d 425, 429 (8th Cir. 2000). A city is responsible for a constitutional violation when a municipal custom or policy causes the violation. *Id*. at 432. A city may also be responsible for a constitutional violation when it fails to properly train or supervise its police officers. *Robinette v. Jones*, 476 F.3d 585, 591 (8th Cir. 2007). Here, the constitutional violations that Plaintiff alleges are as follows: (1) that the traffic stop was racially motivated, (2) that Officer Van Meter had no probable cause to conduct the traffic stop and that he illegally searched Plaintiff, and (3) that the traffic stop was a violation of his First Amendment right as it was an attempt to silence his request for information from the Texarkana, Arkansas Police Department.

   1. Plaintiff's Fourteenth Amendment Claim

Plaintiff asserts a Fourteenth Amendment claim under 42 U.S.C. section 1983, alleging that Officer Van Meter made the traffic stop on account of his race. The Constitution prohibits selective enforcement of the law based on considerations such as race. *Johnson v. Crooks*, 326 F.3d 995, 1000 (8th Cir. 2003) (citing *Whren v. United States,* 517 U.S. 806, 116 S. Ct. 1769 (1996)). To prove a constitutional violation, Plaintiff must show that Officer Van Meter exercised his discretion to enforce the traffic laws on account of Plaintiff's race, which requires

proof of both discriminatory effect and discriminatory purpose. *See id*. "When the claim is selective enforcement of the traffic laws or a racially-motivated arrest, the plaintiff must normally prove that similarly situated individuals were not stopped or arrested in order to show the requisite discriminatory effect and purpose." *Id*.

Here, Plaintiff has offered no evidence that Officer Van Meter does not stop non-African Americans under similar circumstances. The only evidence that Plaintiff cites in support of his claim is his belief or opinion that he was stopped because of his race. As the non-moving party, Plaintiff must "'identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive.'" *Id*. (citing *Crawford-El v. Britton*, 523 U.S. 574, 118 S. Ct. 1584 (1998)). Plaintiff has failed to do so in this case. Because Plaintiff cannot prove an essential element of his claim that the traffic stop was racially motivated, this claim must fail as a matter of law as to both the City and Officer Van Meter in his official capacity.

### 2. Plaintiff's Fourth Amendment Claims

Plaintiff complains that Officer Van Meter had no probable cause to conduct the traffic stop and that he conducted an illegal search of Plaintiff's person during the traffic stop, which is a violation of the Fourth Amendment's protection against unreasonable searches. An officer who sees a traffic violation has probable cause to stop the vehicle and conduct a reasonable investigation. *U.S. v. Williams*, 431 F.3d 296, 299 (8th Cir. 2005). Even a minor traffic violation provides probable cause for a traffic stop. *U.S. v. Williams*, 429 F.3d 767, 771 (8th Cir. 2005). Improper use of a turn signal constitutes a violation that allows an officer to stop the motorist and issue a citation. *See* Ark. Code Ann. § 27-51-401(b) (Supp. 2007). Plaintiff was even convicted

in district court[1] of the traffic violation related to the traffic stop at issue. Thus, Officer Van Meter clearly had probable cause to conduct the traffic stop.

The Court will now analyze Plaintiff's claim that the warrantless search of his person was unreasonable. To be reasonable, Officer Van Meter's warrantless search of Plaintiff's person must fall within an exception to the warrant requirement of the Fourth Amendment. The *Terry* search is an exception that is relevant to this case. *See Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868 (1968). *Terry* provides an exception to the warrant requirement for limited searches (frisks) of persons stopped by police if the police reasonably suspect that the individual is armed. *U.S. v. Pratt*, 355 F.3d 1119, 1121 (8th Cir. 2004). "This type of search is limited to a pat-down of the individual's outer clothing, but the officer may seize items from the individual's pockets if the incriminating nature of the item is immediately apparent through the officer's sense of touch." *Id*. (citing *Minnesota v. Dickerson*, 508 U.S. 366, 113 S. Ct 2130 (1993)).

Here, the Court must view the facts in the light most favorable to Plaintiff and decide whether these facts could reasonably support the conclusion that Officer Van Meter violated Plaintiff's Fourth Amendment right to be protected from unreasonable searches. There is no dispute that Officer Van Meter reasonably suspected that Plaintiff was armed, especially considering the fact that Plaintiff possessed a valid concealed weapon permit. The question is whether Officer Van Meter exceeded the scope of the *Terry* search when he, according to Plaintiff, reached his hands into Plaintiff's pants pockets and lifted Plaintiff's shirt when patting him down to check for concealed weapons. There is no indication whatsoever that Van Meter

---

[1]Apparently, Plaintiff appealed this conviction but the appeal was dismissed and the decision of the district court was affirmed.

felt an item of an incriminating nature before reaching into Plaintiff's pockets. Thus, considering the facts in the light most favorable to Plaintiff, a reasonable jury could find that the search was beyond the scope of a *Terry* search, which is limited to a pat-down of the individual's outer clothing in search of concealed weapons. In other words, a jury could reasonably conclude that Officer Van Meter violated Plaintiff's constitutional right to be free from unreasonable searches.

The next step in the analysis is to decide whether a reasonable jury could find the City responsible for this alleged constitutional violation. Plaintiff alleges that the City is liable under both a failure to train theory and a custom or policy theory. However, Plaintiff has offered no proof in support of these claims. Without such facts to demonstrate that there is a genuine issue for trial, Plaintiff's mere allegations cannot defeat summary judgment. Thus, the City and Officer Van Meter in his official capacity are entitled to judgment as a matter of law on Plaintiff's claim against it concerning an alleged violation of Plaintiff's Fourth Amendment right ro be free from unreasonable searches.

### 3.  Plaintiff's First Amendment Claim

Plaintiff makes a brief assertion that the traffic stop was a violation of his First Amendment rights as it was an attempt to silence his request for information from the Texarkana, Arkansas Police Department—a request he made one day before the traffic stop. A plaintiff asserting a section 1983 claim that he was prosecuted for exercising his First Amendment rights must prove a lack of probable cause for the underlying charge in order to sustain his First Amendment retaliation claim. *Williams v. City of Carl Junction, Mo.*, 480 F.3d 871, 875 (8th Cir. 2007).

Here, Plaintiff cannot prove the requisite lack of probable cause for the traffic violation

that is necessary to sustain his cause of action for retaliation.  Plaintiff was convicted in district court of a traffic violation related to the traffic stop.  Moreover, Plaintiff has presented no evidence showing a connection between the traffic stop and his request for information.  Thus, Plaintiff cannot prove that the traffic stop was a violation of his First Amendment rights.

Because Plaintiff cannot show that the City is liable for any constitutional violations, his claims against the City and against Officer Van Meter in his official capacity are dismissed with prejudice.

### B.  *Constitutional Claims against Officer Van Meter in his individual capacity*

Plaintiff makes the same constitutional claims against Officer Van Meter in his individual capacity as he does against the City and Officer Van Meter in his official capacity.  The Court has already found that Officer Van Meter had probable cause to stop Plaintiff and that Plaintiff cannot prove that the basis for the stop was racially motivated.  Therefore, Officer Van Meter is entitled to summary judgment on Plaintiff's Fourteenth Amendment and First Amendment claims and the claim that the traffic stop was racially motivated.

Turning now to Plaintiff's claim that the warrantless search of his person violated his Fourth Amendment right to be free from unreasonable searches, the Court finds that Officer Van Meter is not entitled to summary judgment on this claim.  As discussed earlier in this opinion, the Court found that a jury could reasonably conclude that Officer Van Meter performed an illegal search of Plaintiff's person.  Therefore, there is a genuine issue of material fact and Officer Van Meter is not entitled to summary judgment on this claim.

In response to Plaintiff's constitutional claims against him, Officer Van Meter asserts that he is entitled to qualified immunity as to any claims associated with the traffic stop at issue.

8

Qualified immunity shields officers from liability for civil damages unless "*they knew or reasonably should have known* that the action [they] took within [their] sphere of official responsibility would violate the constitutional rights of the [plaintiff], *or* if [they] took the action with the malicious intention to cause a deprivation of constitutional rights or other injury." *Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S. Ct. 2727 (1982) (emphasis in original). To withstand a motion for summary judgment on qualified immunity grounds, a plaintiff must: (1) assert a violation of a constitutional right; (2) demonstrate that this right is clearly established; and (3) raise a genuine issue of fact as to whether the official would have known that his or her alleged conduct would have violated the plaintiff's clearly established right. *Brockington v. City of Sherwood*, 503 F.3d 667, 672 (8th Cir. 2007)

Here, Plaintiff claims that Officer Van Meter violated his Fourth Amendment right to be free from unlawful searches and seizures when Officer Van Meter exceeded the scope of the *Terry* search. Thus, Plaintiff has asserted a violation of constitutional right. Plaintiff has also demonstrated that the asserted constitutional right is clearly established. *See Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868 (1968). To defeat the qualified immunity claim, Plaintiff must now show that there are genuine issues of facts as to whether Officer Van Meter would have known that his actions violated Plaintiff's Fourth Amendment rights.

As discussed earlier in this opinion, considering the facts in the light most favorable to Plaitniff, Officer Van Meter reached his hands into Plaintiff's pants pockets and lifted Plaintiff's shirt when patting him down to check for concealed weapons after discovering that Plaintiff had a concealed weapons permit. In other words, Officer Van Meter was conducting a *Terry* search,[2]

---

[2] Earlier in this opinion, the Court set forth the law regarding a *Terry* search.

which is limited to a pat-down of Plaintiff's outer clothing. There is no indication whatsoever that Van Meter felt an item of an incriminating nature before reaching into Plaintiff's pockets. Thus, the Court finds that Plaintiff has presented facts on which a reasonable jury could determine that Officer Van Meter exceeded the scope of a *Terry* search, which is a clearly defined violation of Plaintiff's Fourth Amendment rights.

Plaintiff has asserted a violation of a constitutional right, has demonstrated that this right is clearly established, and has shown that there is a genuine issue of material fact as to whether Officer Van Meter would have known or reasonably should have known that his actions violated Plaintiff's Fourth Amendment rights. Therefore, Officer Van Meter is not entitled to qualified immunity as to Plaintiff's Fourth Amendment claim that Officer Van Meter conducted an illegal search of his person.

### C. *Malicious Prosecution*

Plaintiff makes a claim under state law that he was subjected to malicious prosecution regarding the traffic violation for which he was stopped. In Arkansas, the elements of the tort of malicious prosecution are as follows: (1) a proceeding instituted by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages. *Sundeen v. Kroger*, 355 Ark. 138, 143, 133 S.W.3d 393 (2003). Here, Plaintiff cannot show that the proceeding was terminated in his favor or that there was a lack of probable cause.

"Probable cause for prosecution must be based upon the existence of facts or credible information that would induce a person of ordinary caution to believe the accused person to be guilty of the crime for which he is charged." *Sundeen*, 355 Ark. at 143. Here, Plaitniff was

found guilty of the charged traffic offense in district court. Although, he appealed this conviction to circuit court, his appeal was ultimately dismissed and the decision of the lower court was affirmed. "A judgment of conviction by a court of competent jurisdiction is conclusive evidence of the existence of probable cause." *Id*. Thus, Plaintiff cannot show a lack of probable cause for the proceedings regarding the traffic violation. Moreover, Plaintiff cannot show that the proceedings were terminated in his favor. Accordingly, the City and Officer Van Meter are entitled to summary judgment on Plaintiff's malicious prosecution claim.

      *D. Infliction of Emotional Distress/Outrage*

Plaintiff asserts claims for both intentional infliction of emotional distress and the tort of outrage. However, these two claims are one in the same in Arkansas, and the Court will address them as such. *See Ross v. Patterson* 307 Ark. 68, 70, 817 S.W.2d 418 (1991) (stating that the tort of outrage is also known as the intentional infliction of emotional distress). "To establish a claim for outrage, a plaintiff must demonstrate the following elements: (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was 'extreme and outrageous,' 'beyond all possible bounds of decency,' and was 'utterly intolerable in a civilized community'; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it." *Kiersey v. Jeffrey*, 369 Ark. 220, 222, 253 S.W.3d 438 (2007) (quoting *Crockett v. Essex*, 341 Ark. 558, 19 S.W.3d 585 (2000)). The Arkansas Supreme Court has taken a narrow view of claims for the tort of outrage. *See Ross*, 307 Ark. at 70.

It is clear that the conduct involved is insufficient to prove the elements of the tort of

outrage. Plaintiff was pulled over by Officer Van Meter, was searched for weapons after Officer Van Meter discovered Plaintiff had a concealed weapons permit, and was given a traffic citation. These actions clearly are not extreme and outrageous, beyond all possible bounds of decency or utterly intolerable in a civilized society. Furthermore, any emotional distress suffered by Plaintiff was not so severe that a reasonable person could not be expected to endure it. Accordingly, the City and Officer Van Meter are entitled to summary judgment on Plaintiff's outrage claim.

    *E. Conspiracy*

Plaintiff contends that officers of the Texarkana, Arkansas Police Department conspired with employees working in the Bi-State Central Records and Communications Department to initiate a false traffic stop. This assertion is based on the fact that, on June 15, 2007, Plaintiff requested certain information under the Freedom of Information Act from the Bi-State Central Records and Communications relating to information about the Texarkana Police Department activities. Plaintiff believes that his request was made known to officers of the Texarkana Police Department who then initiated the traffic stop in retaliation for him making such a request.

"To prove a civil conspiracy, a plaintiff must show that two or more persons have combined to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive, or immoral, but by unlawful, oppressive or immoral means, to the injury of another." *Faulkner v. Arkansas Children's Hosp.*, 347 Ark. 941, 961, 69 S.W.3d 393 (2002). A civil conspiracy is not actionable in and of itself, but a recovery may be had for damages caused by acts pursuant to the conspiracy. *Id*. A civil conspiracy is an intentional tort that requires a specific intent to accomplish the contemplated wrong. *Id*.

Here, the only evidence Plaintiff offers in support of his conspiracy claim is that he believes Officer Van Meter initiated the traffic stop because he had knowledge of Plaintiff's request for information. Plaintiff has stated no facts that prove his conspiracy claim. Without such facts to demonstrate that there is a genuine issue for trial, Plaintiff's mere allegations cannot defeat summary judgment. Thus, the City and Officer Van Meter are entitled to summary judgment on Plaintiff's conspiracy claim.

*F. Miscellaneous Claims*

Plaintiff makes vague allegations that Officer Van Meter and/or other officials of the Texarkana, Arkansas Police Department removed his welcome rug, tampered with his mailbox, broke into his personal vehicle, and caused certain drug dealers or informants to repeatedly call Plaintiff's cell phone. Plaintiff admitted in his deposition that he has no proof to support these claims. Furthermore, Plaintiff has not articulated these allegations clearly. Thus, the City and Officer Van Meter are entitled to summary judgment on the claims regarding the actions discussed in this section.

## IV. CONCLUSION

For reasons discussed herein and above, the Court finds that Plaintiff's Motion for Summary Judgment should be and hereby is **GRANTED IN PART and DENIED IN PART**. All constitutional claims against the City of Texarkana and Officer Van Meter in his official capacity shall be dismissed with prejudice. All constitutional claims against Officer Van Meter in his individual capacity are dismissed with prejudice, *except* for the Fourth Amendment claim that Officer Van Meter conducted an illegal search of Plaintiff's person. The illegal search claim will proceed to trial. Plaintiff's claims for malicious prosecution, outrage, conspiracy, and his

miscellaneous claims are dismissed with prejudice. Thus, the only claim remaining in this case is Plaintiff's claim against Officer Van Meter in his individual capacity that Officer Van Meter conducted an illegal search of Plaintiff's person, in violation of his Fourth Amendment rights. An order of even date, consistent with this opinion, shall issue

    IT IS SO ORDERED, this 21st day of May, 2009.

                                      /s/ Harry F. Barnes
                                      Hon. Harry F. Barnes
                                      United States District Judge